UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JILL CARUSO**, Individually )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**A & Y Property L.L.C.,** a Michigan limited )<br>liability company**, )<br>)<br>)<br>)<br>Defendant. ) | Case No. 2:22-cv-11634<br><br>Judge: |

# COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Jill Caruso, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant, A & Y PROPERTY L.L.C., a Michigan limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Jill Caruso ("Plaintiff"), is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant A & Y PROPERTY L.L.C. owns and operates a Shell gas station and food mart located at 7600 N Telegraph Rd., Newport, MI 48166 in Monroe County, Michigan. Plaintiff patronized Defendant's gas station and food mart most recently on May 23, 2022 and on previous occasions as a place of public accommodation.

6. Upon information and belief, the gas station and food mart owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's gas station and food mart, as a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff, JILL CARUSO is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

10. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. A preliminary inspection of the gas station and food mart owned and operated by A & Y PROPERTY L.L.C., has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

 A. The facility entirely lacks designated accessible parking spaces, including van

      accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

B. There is no accessible route into the food mart due to a non-compliant curb ramp that lacks a level landing at the apex, in violation of the ADA whose remedy is readily achievable.

C. There are cracks and changes in level along the accessible route into the food mart, in violation of the ADA whose remedy is readily achievable.

D. There is no accessible path of travel connecting all amenities due to obstructions like an ice machine and propane tanks blocking the required clear width of the sidewalk, in violation of the ADA whose remedy is readily achievable.

E. There is no accessible route for a front or parallel approach to ice machine, probabne tanks, air vending, firewood, etc. in violation of the ADA whose remedy is readily achievable.

Restroom:

F. Restroom signage is non-compliant including lacking the international symbol of accessibility and tactile braille, in violation of the ADA whose remedy is readily achievable.

G. The restroom contains amenities, including seat covers and a coat hook, that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

H. The restroom is entirely missing a water closet rear grab bar, in violation of the ADA whose remedy is readily achievable.

I. The flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

J. The restroom lock requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

K. The restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

L. The restroom mirror is located in excess of 40 inches from the finish floor to the reflective surface, in violation of the ADA regulations whose remedy is readily achievable.

M. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

  N. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, including the lack of a policy to maintain its accessible features, in violation of the ADA whose remedy is readily achievable.

12.  The discriminatory violations described in Paragraph 11 by the facility are not an exhaustive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13.  Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14.  The gas station and food mart, as owned or operated by Defendant, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15.  Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. **A & Y Property L.L.C.** owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Ms. Caruso and others with mobility impairments safe and accessible parking spaces (because there are none) and is denied an accessible restroom facility.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages,

and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. p66315
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI: (734) 240-0848
dunnlawoffice@sbcglobal.net